ENGLISH v. STEELE, appellant.

*Bill of exchange — liability of indorser — presentment and notice — Assignment of judgment — construction of — Evidence — letters of deceased person.*

A bill drawn by C. upon R. was accepted by R. Defendant received it and indorsed it to B. & Co., who, after its maturity, recovered judgment upon it for the amount unpaid against R., the acceptor. B. & Co. instructed their attorney to receive from R. an amount less than the judgment. Accordingly the attorney received a certain sum which was advanced by plaintiff's testator, the officer who held the execution against R., and the attorney assigned the judgment and bill to plaintiff's testator " in trust for his own use to collect of said R. the above sum, and then to re-assign the same to us." In an action against defendant on the bill, *held,* (1) that the right of recovery, if any, was restricted to the amount actually paid on the bill by plaintiff's testator ; and (2) that defendant, under the allegation that R., the acceptor, had paid the bill, was entitled to have read in evidence a letter written by plaintiff's testator to him, stating that he had paid the acceptance at the request of R., and this letter was admissible although plaintiff's testator had been examined as a witness in the case, without his attention being called to it.

A bill which was not payable at any particular place was not presented personally to the acceptor, but the certificate of the notary stated that he went to the acceptor's office, " And speaking with a person there presented said bill and requested payment. * * * * Whereto he replied that no one there had funds to pay the same." It did not appear that the acceptor was then absent from the office, or that the person to whom the bill was presented had any authority to act for the acceptor, or had any charge of the office. *Quere,* whether this constituted a legal presentment of the bill.

It seems that proof to charge the indorser of a bill is defective where the form or contents of the notice sent to him is not shown on the trial.

APPEAL by defendant from a judgment entered on the report of a referee. The action was brought by Patrick Riley against Franklin Steele. The plaintiff Riley having died the action was continued in the name of James L. English and Lucien Skinner, executors of Riley. The opinion states the case.

*Titus B. Eldridge,* for appellant.

*Sherwood & Howland,* for respondents, cited *Hunt* v. *Maybee,* 7 N. Y. 266; *Gawtry* v. *Doane,* 51 id. 84; *Artisans' Bank* v. *Backus,* 36 id. 100 ; *Cayuga County Bank* v. *Warden,* 1 id. 413; *Youngs* v. *Lee,* 12 id. 551 ; *Britton* v. *Hall,* 1 Hilt. 528 ; *Driggs* v. *Rockwell,* 11 Wend. 505; *Williams* v. *Matthews,* 3 Cow. 260.

DANIELS, J. The defendant was sued and judgment recovered against him, upon a draft payable to his order, indorsed by him, drawn by B. H. Cheever upon Robert Rantoul, Jr., for, and accepted by him for, the sum of $2,250. The draft was received by the defendant after its acceptance by Rantoul, in payment of the purchase price of a piece of land in Minnesota. Rantoul, therefore, was the party primarily bound for the payment of the money.

The defendant indorsed and transferred the draft to Brook, Tyson & Rehn, to whom he at the time was indebted. And they, after its maturity, recovered a judgment for the amount unpaid upon it, against Rantoul, the acceptor. After its recovery they instructed their attorney to receive from Rantoul, the acceptor and judgment debtor, a sum less than the amount of the judgment. And in pursuance of the instruction he did receive $951.49. This amount was actually advanced and paid by the plaintiff's testator, Patrick Riley, the marshal, who then held the execution for the collection of the judgment. And the attorney executed and delivered, in the names of his principals, an assignment of the judgment and draft to the plaintiff's testator. But, in the assignment, it was provided that the draft should be held by Riley, the testator, "in trust for his own use to collect of said Rantoul (and others) the above sum, and then to re-assign the same to us." The sum here referred to was the money received by the attorney from the testator. And it was clearly the purpose of this clause to strictly restrict his right of recovery on the draft to the amount paid by him to the attorney of the holders. It gave him an interest in the draft to that extent, and precluded him from using it for any other purpose than securing his re-imbursement. They might have proceeded against the acceptor, or either of the other parties to the bill, for the payment of the balance of their debt. That was a right which they had, and they could transfer and assign it with the draft, or so restrict the interest assigned as to retain it themselves. They adopted the latter course. The form of the assignment executed by them is consistent with no other design. And that limited the testator's interest in the demand, and his right to recover upon it, to the re-imbursement of the amount he had paid before the assignment was made to him by the holder's attorney. He had no right to recover any thing beyond that, and so far as the judgment exceeds that, it was erroneous and unwarranted.

But even that amount, it was claimed, was in effect paid by the testator for the acceptor, and, therefore, not a proper demand against the defendant as indorser. By the answer it was claimed that the acceptor had paid the debt. And, during the progress of the trial, the defendant proved, and offered to read in evidence, a letter written by the testator to him, in which he stated that he had paid the acceptance, principal and interest; at the request of Mr. Rantoul, the acceptor, and on his statement that it was wholly for the defendant's accommodation, and that he, Rantoul, would pay the testator soon; which he thought he would have done if he had lived. This was excluded, because the testator had been examined as a witness in the case, without his attention being called to this and another letter offered with it, and had no chance of explanation, as he was then dead, and nothing else appeared but the fact of his handwriting. The further fact did appear that the letter was produced by the defendant's counsel, and that justified the conclusion that it had been sent to the defendant by the testator. The omission to present the letter to the testator when he was examined as a witness did not prevent it from being afterward proved and read in evidence on the trial of the action. The defendant was under no obligation to present it when the testator was examined as a witness. He could do so if he pleased, or refrain from doing so, and prove it when the proper period for doing so arrived during the progress of the trial. No principle of evidence requires a party to prove and authenticate his documentary evidence by any particular person, unless he be a subscribing witness to it. But he is at liberty to prove it as best he may as long as that is done while his right to give evidence in the case remains unimpaired.

This letter contained the admission of the testator that he had advanced his money at the acceptor's request and on his promise of repayment, and it was admissible in proof of the fact, against his personal representatives as well as himself. 1 Greenl. on Ev. (12th ed.), § 189.

It directly tended to prove the allegation made in the answer, that the draft had been paid. For if the testator paid the money at the request of the acceptor, as the letter offered stated he did, that made it, so far as the indorser was concerned, the acceptor's payment. It was so much paid toward the extinguishment of the draft, out of which no right of action could arise beyond that created by the request and payment; and that was confined to the

acceptor, at whose request the payment was made. This letter was direct evidence in proof of the fact that the testator advanced the money as a loan to the acceptor, and, as such, it was equivalent to the payment by him of that amount upon the debt. That created no demand against the defendant as indorser of the draft. But, as the payment was made at the request of the principal debtor, it correspondingly extinguished the indorser's liability upon the paper. For the purpose of proving that to be the case the letter offered should have been received, and the learned referee erred in its exclusion. If it had been received, and full effect given to the admission which it contained, it would have followed from it that the testator and his personal representatives should be restricted in their claim for reimbursement, under the assignment made, to the liability of the acceptor and his estate after his decease. For it would have shown that the money was advanced by the testator at the request of the acceptor, and constituted a debt only against him.

Beyond that it may well be doubted whether the evidence was sufficient to charge the defendant as indorser. The bill was not payable at any particular place, and it was not presented personally to the acceptor. Neither does it appear from the certificate of the notary that the acceptor was absent from his office when the bill was presented there. What he has said in his certificate on the subject is that he went with the draft to the acceptor's office, "And speaking with a person there, presented said bill, and requested payment according to the terms thereof. Whereto he replied that no one there had funds to pay the same." The person found is not stated to have had any apparent charge of the office, or any employment there, or any right or authority to act for or represent the acceptor. Whether this extremely loose proceeding will, in any view, sustain the allegation that a legal presentment of the draft was at any time made to the acceptor for payment it is not necessary to decide, since there must be a new trial on the grounds already considered. But it may be added in this connection that the proof to charge the indorser seems to have been further defective in the circumstance that the form or contents of the notice sent to him was not proved upon the trial. But without deciding the effect of these proceedings, it is sufficient to say that the referee should have limited the recovery to the amount advanced by the testator, as long as no right of recovery beyond that had been transferred by the assignment. And the letter written to the

plaintiff by the testator should have been received as evidence tending to show that only the acceptor was liable even to that extent for the money which the testator had paid at his request upon the draft.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

*Judgment reversed and new trial ordered.*